## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AMICUS THERAPEUTICS US, LLC and AMICUS THERAPEUTICS, INC., | ) ) ) |  |
| Plaintiffs, | ) ) ) | C.A. No. _____ |
| v. | ) ) ) |  |
| TEVA PHARMACEUTICALS USA, INC.; TEVA PHARMACEUTICALS, INC.; and TEVA PHARMACEUTICAL INDUSTRIES LTD., | ) ) ) ) ) |  |
| Defendants. | ) ) |  |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Amicus Therapeutics US, LLC ("ATUS") and Amicus Therapeutics, Inc. ("AT")

(collectively "Amicus" or "Plaintiffs"), by way of Complaint against Defendants Teva

Pharmaceuticals USA, Inc. ("Teva USA"), Teva Pharmaceuticals, Inc. ("Teva Pharmaceuticals"),

and Teva Pharmaceutical Industries Ltd. ("Teva Industries") (collectively "Teva" or

"Defendants"), allege as follows:

## NATURE OF THE ACTION

1.     This is a civil action for patent infringement of U.S. Patent Nos. 10,792,279 (the

"'279 Patent"), 10,806,727 (the "'727 Patent"), 10,849,889 (the "'889 Patent"), 10,849,890 (the

"'890 Patent"), 10,874,655 (the "'655 Patent"), 11,278,536 (the "'536 Patent"), 11,278,537 (the

"'537 Patent"), 11,278,538 (the "'538 Patent"), 11,278,539 (the "'539 Patent"), 11,278,540 (the

"'540 Patent"), 11,357,761 (the "'761 Patent"), 11,357,762 (the "'762 Patent"), 11,357,763 (the

"'763 Patent"), 11,389,436 (the "'436 Patent"), 11,389,437 (the "'437 Patent"), 11,458,128 (the

"'128 Patent"), 11,304,940 (the "'940 Patent"), 11,357,764 (the "'764 Patent"), 11,357,765 (the

"'765 Patent"), 11,376,244 (the "'244 Patent"), 11,426,396 (the "'396 Patent"), 10,874,657 (the "'657 Patent"), 11,357,784 (the "'784 Patent") (collectively, "Patents-in-Suit"), arising under the patent laws of the United States, Title 35, United States Code, § 100 *et seq.*, including 35 U.S.C. §§ 271 and 281.  This action arises out of Teva's submission of Abbreviated New Drug Application ("ANDA") No. 217586 under Section 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to market a generic version of GALAFOLD migalastat 123 mg free base capsules before the expiration of the Patents-in-Suit.

## THE PARTIES

2.      Amicus Therapeutics US, LLC (*i.e.*, ATUS) is a limited liability company organized and existing under the laws of the state of Delaware with its corporate headquarters at 3675 Market Street, Philadelphia, PA 19104.

3.      Amicus Therapeutics, Inc. (*i.e.*, AT) is a corporation organized and existing under the laws of the state of Delaware with its corporate headquarters at 3675 Market Street, Philadelphia, PA 19104.

4.      Amicus is a global, patient-dedicated biotechnology company focused on discovering, developing and delivering novel and high-quality medicines for people living with rare diseases.  The cornerstone of Amicus's portfolio is GALAFOLD, the first approved oral precision medicine for people living with Fabry disease who have amenable genetic variants. Fabry disease is a genetic disorder known as a lysosomal storage disorder.  Fabry disease is caused by a mutation or variant to the GLA gene, which encodes the enzyme α-galactosidase A (α-Gal A).  The variant causes the substrate globotriaosylceramide (GL-3) to accumulate in various tissues and organs.

2

5.      Amicus sells GALAFOLD migalastat 123 mg free base capsules throughout the United States, including in this judicial district.

6.      By a letter dated October 5, 2022 ("October 5 Notice Letter"), and received by Amicus on October 6, 2022, Teva notified Amicus that Teva Pharmaceuticals had submitted an ANDA to the United States FDA ("Teva's ANDA") for "Migalastat HCl capsules, Eq. 123 mg Base," a drug product that is a generic version of GALAFOLD ("Teva's ANDA Product").  By a letter dated October 26, 2022 ("October 26 Notice Letter"), and received by Amicus on October 27, 2022, Teva notified Amicus that Teva Pharmaceuticals had amended Teva's ANDA.  Upon information and belief, the purpose of Teva's submission of Teva's ANDA was to obtain approval under the Federal Food, Drug, and Cosmetic Act ("FDCA") to engage in the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product prior to the expiration of the Patents-in-Suit.

7.      In its October 5 Notice Letter, Teva notified Amicus that, as part of Teva's ANDA, Teva had filed a certification pursuant to Section 505(j)(2)(B)(iv)(II) of the FDCA, 21 U.S.C. § 355(j)(2)(B)(iv)(II) ("¶ IV"), with respect to U.S. Patent Nos. 8,592,362; 9,000,011; 9,095,584; 9,480,682; 9,987,263; 9,999,618; 10,076,514; 10,251,873; 10,383,864; 10,406,143; 10,471,053; 10,525,045; 10,792,278; 10,792,279; 10,799,491; 10,806,727; 10,813,921; 10,849,889; 10,849,890; 10,857,141; 10,857,142; 10,874,655; 10,874,656; 10,874,657; 10,925,866; 11,033,538; 11,234,972; 11,241,422; 11,278,536; 11,278,537; 11,278,538; 11,278,539; 11,278,540; 11,304,940; 11,357,761; 11,357,762; 11,357,763; 11,357,764; 11,357,765; 11,357,784; 11,376,244; 11,389,436; 11,389,437; and RE48,608 (collectively, the "October 5 Patents"), which are listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluation ("Orange Book").  In its October 26 Notice Letter, Teva notified Amicus that, as part

of Teva's ANDA, Teva had filed a certification pursuant to ¶ IV with respect to U.S. Patent Nos. 11,426,396 and 11,458,128 (collectively, the "October 26 Patents"; together with the October 5 Patents, the "Notice Letter Patents").  Teva's October 5 Notice Letter and October 26 Notice Letter (collectively, "Teva's Notice Letters") asserted that the Notice Letter Patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product (the "¶ IV Certifications").  Teva's Notice Letters purported to include detailed statements of the factual and legal bases for Teva's ¶ IV Certifications.   Teva's Notice Letters defined Teva as Teva Pharmaceuticals.

8.      Upon information and belief, Teva USA is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 400 Interpace Parkway #3, Parsippany, NJ 07054.

9.      Upon information and belief, Teva Pharmaceuticals is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 400 Interpace Parkway #3, Parsippany, NJ 07054.

10.      Upon information and belief, Teva Industries is a corporation organized under the laws of Israel with its principal place of business located at 124 Dvora HaNevi'a St., Tel Aviv, Israel, 6944020.

11.      Upon information and belief, Teva USA is a wholly-owned subsidiary of Teva Industries.

12.      Upon information and belief, Teva Pharmaceuticals is a wholly-owned subsidiary of Teva Industries.

13.     Upon information and belief, Teva Industries is a publicly traded company and is the only publicly-traded company that owns 10% or more of stock of Teva USA and Teva Pharmaceuticals.

14.     Upon information and belief, Teva USA and Teva Pharmaceuticals are United States agents acting at the direction of, and for the benefit of, Teva Industries regarding Teva's ANDA No. 217586.

15.     Upon information and belief, Teva Industries submitted Drug Master File ("DMF") No. 36618 for migalastat hydrochloride to the FDA on February 28, 2022.

16.     Upon information and belief, Teva USA and Teva Pharmaceuticals are generic pharmaceutical companies that, in coordination with each other and Teva Industries and at the direction of Teva Industries, are in the business of making and selling generic pharmaceutical products, which they distribute throughout the United States including in this judicial district.

## JURISDICTION AND VENUE

17.     This is an action for patent infringement arising under 35 U.S.C. § 271.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18.     The Court also has jurisdiction over this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  An actual, substantial, and justiciable controversy exists between Amicus and Defendants of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the parties' adverse legal interests with respect to the Patents-in-Suit.

19.     Upon information and belief, Defendants hold themselves out as a unitary entity and operate as a single integrated business directed and/or controlled by Teva Industries with

respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in this judicial district.

20.     Upon information and belief, Defendants have and will continue to coordinate, collaborate, and act in concert to prepare, submit, and maintain Teva's ANDA No. 217586 pursuant to Section 505(j) of the FDCA, 21 U.S.C. § 355(j).  Defendants are therefore submitters of an ANDA within the jurisdiction of this Court.

21.     This Court has personal jurisdiction over Teva USA and Teva Pharmaceuticals because, upon information and belief, their affiliations with and business activities within the State of Delaware and this judicial district, including by virtue of their incorporation in Delaware, are so systematic and continuous as to render Teva USA and Teva Pharmaceuticals essentially at home in this judicial district.

22.     This Court has personal jurisdiction over foreign Defendant Teva Industries because, upon information and belief, Teva Industries controls the actions of its agents and United States subsidiaries Teva USA and Teva Pharmaceuticals, Delaware corporations.  Therefore, upon information and belief, the activities of Teva USA and Teva Pharmaceuticals in this jurisdiction are attributable to Teva Industries.

23.     The Court also has personal jurisdiction over foreign Defendant Teva Industries pursuant to Fed. R. Civ. P. 4(k)(2).  This action arises under federal law, out of Teva's submission of an ANDA filing.  To the extent Teva Industries is not subject to jurisdiction in any state's courts of general jurisdiction, exercising jurisdiction over Teva Industries is consistent with the Constitution and laws of the United States as Teva Industries has sufficient contacts in the United States as a whole, including, but not limited to, by participating in the preparation, submission, and maintenance of Teva's ANDA, participating in the preparation and submission of DMF No.

36618 to the FDA, and/or directly or indirectly developing, manufacturing, marketing, and selling Teva's ANDA Product throughout the United States, including in this judicial district, such that this Court's exercise of personal jurisdiction over Teva Industries satisfies due process.

24.     This Court also has personal jurisdiction over each Defendant because, upon information and belief, each has frequently availed itself of the legal protections of the State of Delaware by, among other things, selecting the State of Delaware as the place of incorporation for itself and/or its subsidiaries and asserting claims and counterclaims in lawsuits filed in the United States District Court for the District of Delaware, including at least *Otsuka Pharmaceutical Co., Ltd. v. Teva Pharmaceuticals, Inc.*, No. 1:22-cv-00513-RGA, at Dkt. 12 (D. Del. July 12, 2022) and *Journey Medical Corp. et al v. Teva Pharmaceuticals, Inc.*, No. 1:22-cv-00288-CFC, at Dkt. 15 (D. Del. Apr. 25, 2022).

25.     This Court also has personal jurisdiction over each Defendant because, upon information and belief, each is a submitter of Teva's ANDA.  This Court also has personal jurisdiction over each Defendant because, upon information and belief, each has committed or aided, abetted, contributed to, or participated in tortious acts of patent infringement in submitting Teva's ANDA that has led to foreseeable harm and injury to Amicus, which manufactures GALAFOLD for sale and use throughout the United States, including within this judicial district. Upon information and belief, each Defendant will imminently commit, or aid, abet, contribute to, or participate in tortious acts of patent infringement by directly or indirectly developing, manufacturing, marketing, and selling Teva's ANDA Product throughout the United States and in this judicial district, which will lead to foreseeable harm and injury to Amicus.

26.     Upon information and belief, Defendants have been, and continue to be, joint and prime actors in the drafting, submission, approval, and maintenance of ANDA No. 217586 for the

United States market.  Teva's ANDA No. 217586 relates to this litigation and is substantially connected with this judicial district because it reliably and non-speculatively predicts Teva's intent to market and sell Teva's ANDA Product throughout the United States, including in this judicial district.

27.     Teva has taken the significant step of applying to the FDA for approval to engage in future activities—including the marketing of Teva's ANDA Product—which, upon information and belief, will be purposefully directed at this judicial district and elsewhere throughout the United States.  Upon information and belief, the Teva Defendants will act in concert to market, distribute, and sell Teva's ANDA Product in this judicial district, among other places, once Teva receives the requested FDA approval to market Teva's ANDA Product.

28.     For these reasons and for other reasons that will be presented to the Court if jurisdiction is challenged, each Defendant is subject to personal jurisdiction in this judicial district.

29.     Venue is proper for Teva USA in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Teva USA is incorporated and therefore resides in the state of Delaware and has committed acts of infringement giving rise to the claims against it in this judicial district.  Venue is also proper for Teva USA in this judicial district because Teva USA is a submitter of Teva's ANDA.

30.     Venue is proper for Teva Pharmaceuticals in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Teva Pharmaceuticals is incorporated and therefore resides in the state of Delaware and has committed acts of infringement giving rise to the claims against it in this judicial district.  Venue is also proper for Teva Pharmaceuticals in this judicial district because Teva Pharmaceuticals is a submitter of Teva's ANDA.

31.     Venue is proper for Teva Industries in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) and/or Fed. R. Civ. P. 4(k)(2) because Teva Industries is incorporated in Israel and may be sued in any judicial district in the United States.  Venue is also proper for Teva Industries in this judicial district because Teva Industries is a submitter of Teva's ANDA.

## FACTUAL BACKGROUND

### The NDA

32.     ATUS is the holder of New Drug Application ("NDA") No. 208623 for GALAFOLD capsules comprising 123 mg free base migalastat ("GALAFOLD Capsules").

33.     GALAFOLD is an oral medication administered every other day approved for the treatment of adults with a confirmed diagnosis of Fabry disease and an amenable α-galactosidase A (GLA) gene variant.  Migalastat, which is an iminosugar, is the active ingredient in GALAFOLD Capsules.

34.     The FDA approved NDA No. 208623 on August 10, 2018.  GALAFOLD enjoys New Chemical Entity ("NCE") exclusivity until August 10, 2023.

35.     GALAFOLD is designated as an orphan drug under the Orphan Drug Act, 21 U.S.C. § 360aa *et seq.* and enjoys Orphan Drug Exclusivity ("ODE") until August 10, 2025. Amicus markets capsules comprising 123 mg free base migalastat in the United States under the trademark GALAFOLD.

36.     Teva advertises itself as the "leading generic drug company in the United States." https://www.tevausa.com/about-teva/ (last accessed November 7, 2022).

37.     On August 5, 2020, Defendant Teva USA submitted a request pursuant to 21 U.S.C. § 355-2 (the "CREATES Act") to ATUS seeking to purchase GALAFOLD for testing purportedly deemed necessary by Teva to support Teva's ANDA No. 217586.  On March 29, 2021, Teva

Pharmaceuticals Development, Inc. ("TPDI")—which subsequently changed its name to Teva Pharmaceuticals, Inc. (*i.e.*, Defendant Teva Pharmaceuticals)—sent a request to ATUS seeking to purchase an additional twenty-five (25) packs of GALAFOLD to purportedly complete testing required for approval of a generic version of GALAFOLD (*i.e.*, Teva's ANDA Product) pursuant to Teva's ANDA No. 217586.  In July 2021, TPDI initiated Civil Action No. 2:21-cv-03105 against ATUS in the Eastern District of Pennsylvania citing the CREATES Act and its second request for GALAFOLD.  In September 2021, TPDI (as Defendant Teva Pharmaceuticals) dismissed with prejudice Civil Action No. 2:21-cv-03105.

38.     Upon information and belief, Teva intends to develop a generic version of GALAFOLD.

### The Patents-in-Suit

39.     The United States Patent and Trademark Office (the "PTO") duly and legally issued the '279 Patent on October 6, 2020, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '279 Patent is attached as Exhibit A.

40.     AT is the owner of all right, title, and interest in the '279 Patent by assignment recorded with the PTO on August 5, 2022.

41.     The '279 Patent currently expires on May 30, 2038.

42.     The '279 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

43.     Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '279 Patent.

44.     The PTO duly and legally issued the '727 Patent on October 20, 2020, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '727 Patent is attached as Exhibit B.

45.     AT is the owner of all right, title, and interest in the '727 Patent by assignment recorded with the PTO on August 5, 2022.

46.     The '727 Patent currently expires on May 30, 2038.

47.     The '727 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

48.     Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '727 Patent.

49.     The PTO duly and legally issued the '889 Patent on December 1, 2020, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '889 Patent is attached as Exhibit C.

50.     AT is the owner of all right, title, and interest in the '889 Patent by assignment recorded with the PTO on August 5, 2022.

51.     The '889 Patent currently expires on May 30, 2038.

52.     The '889 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

53.     Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '889 Patent.

54.     The PTO duly and legally issued the '890 Patent on December 1, 2020, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '890 Patent is attached as Exhibit D.

55.     AT is the owner of all right, title, and interest in the '890 Patent by assignment recorded with the PTO on August 5, 2022.

56.     The '890 Patent currently expires on May 30, 2038.

57.     The '890 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

58.     Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '890 Patent.

59.     The PTO duly and legally issued the '655 Patent on December 29, 2020, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '655 Patent is attached as Exhibit E.

60.     AT is the owner of all right, title, and interest in the '655 Patent by assignment recorded with the PTO on August 5, 2022.

61.     The '655 Patent currently expires on May 30, 2038.

62.     The '655 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

63.     Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '655 Patent.

64.     The PTO duly and legally issued the '536 Patent on March 22, 2022, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '536 Patent is attached as Exhibit F.

65.     AT is the owner of all right, title, and interest in the '536 Patent by assignment recorded with the PTO on August 5, 2022.

66.     The '536 Patent currently expires on May 30, 2038.

12

67.     The '536 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

68.     Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '536 Patent.

69.     The PTO duly and legally issued the '537 Patent on March 22, 2022, titled "Methods of Treating Fabry Patients Having Renal Impairment." A true and correct copy of the '537 Patent is attached as Exhibit G.

70.     AT is the owner of all right, title, and interest in the '537 Patent by assignment recorded with the PTO on August 5, 2022.

71.     The '537 Patent currently expires on May 30, 2038.

72.     The '537 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

73.     Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '537 Patent.

74.     The PTO duly and legally issued the '538 Patent on March 22, 2022, titled "Methods of Treating Fabry Patients Having Renal Impairment." A true and correct copy of the '538 Patent is attached as Exhibit H.

75.     AT is the owner of all right, title, and interest in the '538 Patent by assignment recorded with the PTO on August 5, 2022.

76.     The '538 Patent currently expires on May 30, 2038.

77.     The '538 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

78.     Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '538 Patent.

79.     The PTO duly and legally issued the '539 Patent on March 22, 2022, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '539 Patent is attached as Exhibit I.

80.     AT is the owner of all right, title, and interest in the '539 Patent by assignment recorded with the PTO on August 5, 2022.

81.     The '539 Patent currently expires on May 30, 2038.

82.     The '539 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

83.     Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '539 Patent.

84.     The PTO duly and legally issued the '540 Patent on March 22, 2022, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '540 Patent is attached as Exhibit J.

85.     AT is the owner of all right, title, and interest in the '540 Patent by assignment recorded with the PTO on August 5, 2022.

86.     The '540 Patent currently expires on May 30, 2038.

87.     The '540 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

88.     Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '540 Patent.

89.     The PTO duly and legally issued the '761 Patent on June 14, 2022, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '761 Patent is attached as Exhibit K.

90.     AT is the owner of all right, title, and interest in the '761 Patent by assignment recorded with the PTO on August 5, 2022.

91.     The '761 Patent currently expires on May 30, 2038.

92.     The '761 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

93.     Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '761 Patent.

94.     The PTO duly and legally issued the '762 Patent on June 14, 2022, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '762 Patent is attached as Exhibit L.

95.     AT is the owner of all right, title, and interest in the '762 Patent by assignment recorded with the PTO on August 5, 2022.

96.     The '762 Patent currently expires on May 30, 2038.

97.     The '762 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

98.     Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '762 Patent.

99.     The PTO duly and legally issued the '763 Patent on June 14, 2022, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '763 Patent is attached as Exhibit M.

100.    AT is the owner of all right, title, and interest in the '763 Patent by assignment recorded with the PTO on August 5, 2022.

101.    The '763 Patent currently expires on May 30, 2038.

102.    The '763 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

103.    Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '763 Patent.

104.    The PTO duly and legally issued the '436 Patent on July 19, 2022, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '436 Patent is attached as Exhibit N.

105.    AT is the owner of all right, title, and interest in the '436 Patent by assignment recorded with the PTO on August 5, 2022.

106.    The '436 Patent currently expires on May 30, 2038.

107.    The '436 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

108.    Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '436 Patent.

109.    The PTO duly and legally issued the '437 Patent on July 19, 2022, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '437 Patent is attached as Exhibit O.

110.    AT is the owner of all right, title, and interest in the '437 Patent by assignment recorded with the PTO on August 5, 2022.

111.    The '437 Patent currently expires on May 30, 2038.

112.    The '437 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

113.    Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '437 Patent.

114.    The PTO duly and legally issued the '128 Patent on October 4, 2022, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '128 Patent is attached as Exhibit P.

115.    AT is the owner of all right, title, and interest in the '128 Patent by assignment recorded with the PTO on August 5, 2022.

116.    The '128 Patent currently expires on May 30, 2038.

117.    The '128 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

118.    Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '128 Patent.

119.    The PTO duly and legally issued the '940 Patent on April 19, 2022, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '940 Patent is attached as Exhibit Q.

120.    AT is the owner of all right, title, and interest in the '940 Patent by assignment recorded with the PTO on August 5, 2022.

121.    The '940 Patent currently expires on May 30, 2038.

122.    The '940 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

123.    Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '940 Patent.

124.    The PTO duly and legally issued the '764 Patent on June 14, 2022, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '764 Patent is attached as Exhibit R.

125.    AT is the owner of all right, title, and interest in the '764 Patent by assignment recorded with the PTO on August 5, 2022.

126.    The '764 Patent currently expires on May 30, 2038.

127.    The '764 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

128.    Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '764 Patent.

129.    The PTO duly and legally issued the '765 Patent on June 14, 2022, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '765 Patent is attached as Exhibit S.

130.    AT is the owner of all right, title, and interest in the '765 Patent by assignment recorded with the PTO on August 5, 2022.

131.    The '765 Patent currently expires on May 30, 2038.

132.    The '765 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

133.    Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '765 Patent.

134.   The PTO duly and legally issued the '244 Patent on July 5, 2022, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '244 Patent is attached as Exhibit T.

135.   AT is the owner of all right, title, and interest in the '244 Patent by assignment recorded with the PTO on August 5, 2022.

136.   The '244 Patent currently expires on May 30, 2038.

137.   The '244 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

138.   Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '244 Patent.

139.   The PTO duly and legally issued the '396 Patent on August 30, 2022, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '396 Patent is attached as Exhibit U.

140.   AT is the owner of all right, title, and interest in the '396 Patent by assignment recorded with the PTO on August 5, 2022.

141.   The '396 Patent currently expires on May 30, 2038.

142.   The '396 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

143.   Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '396 Patent.

144.   The PTO duly and legally issued the '657 Patent on December 29, 2020, titled "Methods of Treating Fabry Patients Having Renal Impairment."  A true and correct copy of the '657 Patent is attached as Exhibit V.

145.    AT is the owner of all right, title, and interest in the '657 Patent by assignment recorded with the PTO on August 5, 2022.

146.    The '657 Patent currently expires on May 30, 2038.

147.    The '657 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

148.    Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '657 Patent.

149.    The PTO duly and legally issued the '784 Patent on June 14, 2022, titled "Use of Migalastat for Treating Fabry Disease in Pregnant Patients."  A true and correct copy of the '784 Patent is attached as Exhibit W.

150.    AT is the owner of all right, title, and interest in the '784 Patent by assignment recorded with the PTO on February 17, 2022.

151.    The '784 Patent currently expires on February 6, 2039.

152.    The '784 Patent is listed in the Orange Book in connection with NDA No. 208623 for GALAFOLD Capsules.

153.    Administration of GALAFOLD in accordance with the FDA-approved prescribing information practices one or more claims of the '784 Patent.

**TEVA'S ANDA**

154.    Upon information and belief, Teva submitted ANDA No. 217586 with the FDA under 21 U.S.C. § 355(j) seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of 123 mg free base migalastat capsules (defined above as "Teva's ANDA Product"), which are generic versions of Amicus' GALAFOLD Capsules.

155. Teva's Notice Letters purport to include a "Notice of ANDA No. 217586 Migalastat HCl Capsules, Eq 123 mg Base; With Paragraph IV Certification Concerning the [Notice Letter Patents]" pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95. Teva's October 5 Notice Letter stated that Teva had filed ANDA No. 217586 with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the October 5 Patents. Teva's October 26 Notice Letter stated that Teva had amended ANDA No. 217586 seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the October 26 Patents. Together, Teva's Notice Letters state that Teva's ANDA seeks FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the Patents-in-Suit.

156. Teva's Notice Letters state that ANDA No. 217586 contains certifications pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II), alleging that the claims of the Patents-in-Suit are invalid, unenforceable, or will not be infringed by the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product (defined above as Teva's "¶ IV Certifications").

157. Amicus commenced this action within 45 days of receiving Teva's Notice Letters, which triggers a stay of FDA approval of Teva's ANDA No. 217586, pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

158.    Upon information and belief, Teva will knowingly provide Teva's ANDA Product with a label ("Teva's Label") including instructions for use that substantially copy the instructions in the label for GALAFOLD Capsules.

159.    Teva's Notice Letters state that Teva's Label "is identical in all relevant respects to the labeling of GALAFOLD."

160.    Upon information and belief, Teva has made and will continue to make substantial and meaningful preparations to engage in the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product that will be administered to patients according to the instructions for use on Teva's Label.

161.    Upon information and belief, Teva's ANDA Product will be administered to patients according to the instructions for use on Tevas's Label, which will result in formation of the compositions claimed by the Patents-in-Suit prior to their expiration.

162.    Upon information and belief, Teva's ANDA Product will be administered to patients using the methods claimed by the Patents-in-Suit prior to their expiration.

163.    Upon information and belief, Teva continues to seek approval of ANDA No. 217586, and upon approval by the FDA, Teva intends to immediately engage in the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product.

164.    Upon information and belief, upon approval by the FDA, and upon commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States, Teva's ANDA Product will be administered to patients according to the instructions for use on Teva's Label, which will practice the compositions and methods claimed by the Patents-in-Suit prior to their expiration.

165.    Upon information and belief, the compositions and methods covered by the claims of the Patents-in-Suit are an essential component of administering Teva's ANDA Product to patients.

166.    Upon information and belief, Teva will direct or control the treatment of patients using Teva's ANDA Product if the FDA approves ANDA No. 217586.

167.    Upon information and belief, the treatment of patients using Teva's ANDA Product will occur at Teva's active behest and with its intent, knowledge, and encouragement.

168.    Upon information and belief, Teva will actively encourage, aid, and abet the treatment of patients using Teva's ANDA Product with knowledge that such treatment is in contravention of Amicus' rights under the Patents-in-Suit.

169.    Upon information and belief, Teva knows the instructions for use in Teva's Label will induce and/or contribute to others using Teva's ANDA Product in the manner set forth in the instructions.

170.    Upon information and belief, physicians, health care providers, and/or patients will directly infringe one or more claims of the Patents-in-Suit by using Teva's ANDA Product in accordance with the instructions for use provided in Teva's Label.

171.    Upon information and belief, Teva specifically intends that physicians, health care providers, and/or patients will use Teva's ANDA Product in accordance with the instructions for use provided in Teva's Label to directly infringe one or more claims of the Patents-in-Suit.

172.    Upon information and belief, Teva knowingly has taken and intends to take active steps to induce and/or contribute to physicians, health care providers, and/or patients using Teva's ANDA Product in a manner that directly infringes at least one claim of the Patents-in-Suit.

173.    Upon information and belief, Teva knows or should know that Teva's ANDA Product will be especially made or especially adapted for use in infringement of at least one claim of the Patents-in-Suit, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

174.    Upon information and belief, Teva will actively induce and/or contribute to infringement of the Patents-in-Suit.

## COUNT I

## (INFRINGEMENT OF THE '279 PATENT)

175.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

176.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '279 Patent.

177.    Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '279 Patent are invalid, unenforceable, and/or will not be infringed.

178.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

179.    Teva has actual knowledge of the '279 Patent, as evidenced by Teva's October 5 Notice Letter.

180.     Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '279 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '279 Patent.

181.     Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '279 Patent.

182.     Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

183.     If ANDA No. 217586 is approved, Teva will infringe one or more claims of the '279 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Teva's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '279 Patent.

184.     Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

185.     Teva has knowledge of the '279 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '279 Patent, either literally or under the doctrine of equivalents.

186.     Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because

healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '279 Patent.

187.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

188.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '279 Patent unless enjoined by the Court.

189.    Amicus does not have any adequate remedy at law.

## COUNT II

## (INFRINGEMENT OF THE '727 PATENT)

190.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

191.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '727 Patent.

192.    Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '727 Patent are invalid, unenforceable, and/or will not be infringed.

193.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

194.    Teva has actual knowledge of the '727 Patent, as evidenced by Teva's October 5 Notice Letter.

195.    Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '727 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '727 Patent.

196.    Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '727 Patent.

197.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

198.    If ANDA No. 217586 is approved, Teva will infringe one or more claims of the '727 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Teva's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '727 Patent.

199.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

200.    Teva has knowledge of the '727 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '727 Patent, either literally or under the doctrine of equivalents.

201.     Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '727 Patent.

202.     Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

203.     Amicus will be substantially and irreparably harmed by Teva's infringement of the '727 Patent unless enjoined by the Court.

204.     Amicus does not have any adequate remedy at law.

## COUNT III

## (INFRINGEMENT OF THE '889 PATENT)

205.     Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

206.     Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '889 Patent.

207.     Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '889 Patent are invalid, unenforceable, and/or will not be infringed.

208.     By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage

form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

209.    Teva has actual knowledge of the '889 Patent, as evidenced by Teva's October 5 Notice Letter.

210.    Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '889 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '889 Patent.

211.    Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '889 Patent.

212.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

213.    If ANDA No. 217586 is approved, Teva will infringe one or more claims of the '889 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Teva's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '889 Patent.

214.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

215.    Teva has knowledge of the '889 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '889 Patent, either literally or under the doctrine of equivalents.

216.    Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '889 Patent.

217.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

218.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '889 Patent unless enjoined by the Court.

219.    Amicus does not have any adequate remedy at law.

## COUNT IV

## (INFRINGEMENT OF THE '890 PATENT)

220.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

221.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '890 Patent.

222.    Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '890 Patent are invalid, unenforceable, and/or will not be infringed.

223.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

224.    Teva has actual knowledge of the '890 Patent, as evidenced by Teva's October 5 Notice Letter.

225.    Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '890 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '890 Patent.

226.    Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '890 Patent.

227.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

228.    If ANDA No. 217586 is approved, Teva will infringe one or more claims of the '890 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Teva's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '890 Patent.

229.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

230.    Teva has knowledge of the '890 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '890 Patent, either literally or under the doctrine of equivalents.

231.    Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '890 Patent.

232.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

233.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '890 Patent unless enjoined by the Court.

234.    Amicus does not have any adequate remedy at law.

## COUNT V

## (INFRINGEMENT OF THE '655 PATENT)

235.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

236.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '655 Patent.

237.   Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '655 Patent are invalid, unenforceable, and/or will not be infringed.

238.   By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

239.   Teva has actual knowledge of the '655 Patent, as evidenced by Teva's October 5 Notice Letter.

240.   Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '655 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '655 Patent.

241.   Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '655 Patent.

242.   Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

243.   If ANDA No. 217586 is approved, Teva will infringe one or more claims of the '655 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Teva's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or

contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '655 Patent.

244.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

245.    Teva has knowledge of the '655 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '655 Patent, either literally or under the doctrine of equivalents.

246.    Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '655 Patent.

247.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

248.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '655 Patent unless enjoined by the Court.

249.    Amicus does not have any adequate remedy at law.

## COUNT VI

## (INFRINGEMENT OF THE '536 PATENT)

250.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

251.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '536 Patent.

252.    Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '536 Patent are invalid, unenforceable, and/or will not be infringed.

253.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

254.    Teva has actual knowledge of the '536 Patent, as evidenced by Teva's October 5 Notice Letter.

255.    Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '536 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '536 Patent.

256.    Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '536 Patent.

257.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

258.    If ANDA No. 217586 is approved, Teva will infringe one or more claims of the '536 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Teva's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '536 Patent.

259.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

260.    Teva has knowledge of the '536 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '536 Patent, either literally or under the doctrine of equivalents.

261.    Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '536 Patent.

262.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

263.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '536 Patent unless enjoined by the Court.

264.    Amicus does not have any adequate remedy at law.

## COUNT VII

## (INFRINGEMENT OF THE '537 PATENT)

265.     Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

266.     Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '537 Patent.

267.     Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '537 Patent are invalid, unenforceable, and/or will not be infringed.

268.     By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

269.     Teva has actual knowledge of the '537 Patent, as evidenced by Teva's October 5 Notice Letter.

270.     Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '537 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '537 Patent.

271.     Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '537 Patent.

272.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

273.    If ANDA No. 217586 is approved, Teva will infringe one or more claims of the '537 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Teva's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '537 Patent.

274.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

275.    Teva has knowledge of the '537 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '537 Patent, either literally or under the doctrine of equivalents.

276.    Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '537 Patent.

277.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

278.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '537 Patent unless enjoined by the Court.

279.    Amicus does not have any adequate remedy at law.

## COUNT VIII

## (INFRINGEMENT OF THE '538 PATENT)

280.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

281.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '538 Patent.

282.    Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '538 Patent are invalid, unenforceable, and/or will not be infringed.

283.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

284.    Teva has actual knowledge of the '538 Patent, as evidenced by Teva's October 5 Notice Letter.

285.    Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '538 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '538 Patent.

286.     Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '538 Patent.

287.     Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

288.     If ANDA No. 217586 is approved, Teva will infringe one or more claims of the '538 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Teva's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '538 Patent.

289.     Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

290.     Teva has knowledge of the '538 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '538 Patent, either literally or under the doctrine of equivalents.

291.     Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '538 Patent.

292.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

293.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '538 Patent unless enjoined by the Court.

294.    Amicus does not have any adequate remedy at law.

## COUNT IX

## (INFRINGEMENT OF THE '539 PATENT)

295.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

296.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '539 Patent.

297.    Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '539 Patent are invalid, unenforceable, and/or will not be infringed.

298.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

299.    Teva has actual knowledge of the '539 Patent, as evidenced by Teva's October 5 Notice Letter.

300.    Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '539 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking

approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '539 Patent.

301.    Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '539 Patent.

302.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

303.    If ANDA No. 217586 is approved, Teva will infringe one or more claims of the '539 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Teva's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '539 Patent.

304.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

305.    Teva has knowledge of the '539 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '539 Patent, either literally or under the doctrine of equivalents.

306.    Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the

instructions for use in Teva's Label in a way that directly infringes at least one claim of the '539 Patent.

307.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

308.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '539 Patent unless enjoined by the Court.

309.    Amicus does not have any adequate remedy at law.

## COUNT X

## (INFRINGEMENT OF THE '540 PATENT)

310.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

311.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '540 Patent.

312.    Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '540 Patent are invalid, unenforceable, and/or will not be infringed.

313.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

314.    Teva has actual knowledge of the '540 Patent, as evidenced by Teva's October 5 Notice Letter.

315.     Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '540 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '540 Patent.

316.     Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '540 Patent.

317.     Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

318.     If ANDA No. 217586 is approved, Teva will infringe one or more claims of the '540 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Teva's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '540 Patent.

319.     Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

320.     Teva has knowledge of the '540 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '540 Patent, either literally or under the doctrine of equivalents.

321.     Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because

healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '540 Patent.

322.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

323.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '540 Patent unless enjoined by the Court.

324.    Amicus does not have any adequate remedy at law.

## COUNT XI

## (INFRINGEMENT OF THE '761 PATENT)

325.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

326.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '761 Patent.

327.    Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '761 Patent are invalid, unenforceable, and/or will not be infringed.

328.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

329.    Teva has actual knowledge of the '761 Patent, as evidenced by Teva's October 5 Notice Letter.

330.    Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '761 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '761 Patent.

331.    Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '761 Patent.

332.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

333.    If ANDA No. 217586 is approved, Teva will infringe one or more claims of the '761 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Teva's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '761 Patent.

334.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

335.    Teva has knowledge of the '761 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '761 Patent, either literally or under the doctrine of equivalents.

336.     Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '761 Patent.

337.     Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

338.     Amicus will be substantially and irreparably harmed by Teva's infringement of the '761 Patent unless enjoined by the Court.

339.     Amicus does not have any adequate remedy at law.

## COUNT XII

## (INFRINGEMENT OF THE '762 PATENT)

340.     Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

341.     Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '762 Patent.

342.     Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '762 Patent are invalid, unenforceable, and/or will not be infringed.

343.     By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage

form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

344.   Teva has actual knowledge of the '762 Patent, as evidenced by Teva's October 5 Notice Letter.

345.   Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '762 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '762 Patent.

346.   Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '762 Patent.

347.   Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

348.   If ANDA No. 217586 is approved, Teva will infringe one or more claims of the '762 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Teva's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '762 Patent.

349.   Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

350.    Teva has knowledge of the '762 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '762 Patent, either literally or under the doctrine of equivalents.

351.    Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '762 Patent.

352.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

353.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '762 Patent unless enjoined by the Court.

354.    Amicus does not have any adequate remedy at law.

## COUNT XIII

## (INFRINGEMENT OF THE '763 PATENT)

355.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

356.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '763 Patent.

357.    Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '763 Patent are invalid, unenforceable, and/or will not be infringed.

358.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

359.    Teva has actual knowledge of the '763 Patent, as evidenced by Teva's October 5 Notice Letter.

360.    Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '763 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '763 Patent.

361.    Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '763 Patent.

362.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

363.    If ANDA No. 217586 is approved, Teva will infringe one or more claims of the '763 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Teva's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '763 Patent.

364.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

365.    Teva has knowledge of the '763 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '763 Patent, either literally or under the doctrine of equivalents.

366.    Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '763 Patent.

367.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

368.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '763 Patent unless enjoined by the Court.

369.    Amicus does not have any adequate remedy at law.

## COUNT XIV

## (INFRINGEMENT OF THE '436 PATENT)

370.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

371.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '436 Patent.

372.    Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '436 Patent are invalid, unenforceable, and/or will not be infringed.

373.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

374.    Teva has actual knowledge of the '436 Patent, as evidenced by Teva's October 5 Notice Letter.

375.    Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '436 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '436 Patent.

376.    Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '436 Patent.

377.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

378.    If ANDA No. 217586 is approved, Teva will infringe one or more claims of the '436 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Teva's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or

contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '436 Patent.

379.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

380.    Teva has knowledge of the '436 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '436 Patent, either literally or under the doctrine of equivalents.

381.    Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '436 Patent.

382.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

383.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '436 Patent unless enjoined by the Court.

384.    Amicus does not have any adequate remedy at law.

## COUNT XV

## (INFRINGEMENT OF THE '437 PATENT)

385.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

386.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '437 Patent.

387.    Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '437 Patent are invalid, unenforceable, and/or will not be infringed.

388.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

389.    Teva has actual knowledge of the '437 Patent, as evidenced by Teva's October 5 Notice Letter.

390.    Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '437 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '437 Patent.

391.    Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '437 Patent.

392.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

393.    If ANDA No. 217586 is approved, Teva will infringe one or more claims of the '437 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Teva's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '437 Patent.

394.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

395.    Teva has knowledge of the '437 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '437 Patent, either literally or under the doctrine of equivalents.

396.    Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '437 Patent.

397.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

398.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '437 Patent unless enjoined by the Court.

399.    Amicus does not have any adequate remedy at law.

## COUNT XVI

## (INFRINGEMENT OF THE '128 PATENT)

400.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

401.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '128 Patent.

402.    Teva's October 26 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '128 Patent are invalid, unenforceable, and/or will not be infringed.

403.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

404.    Teva has actual knowledge of the '128 Patent, as evidenced by Teva's October 26 Notice Letter.

405.    Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '128 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '128 Patent.

406.    Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '128 Patent.

407.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

408.    If ANDA No. 217586 is approved, Teva will infringe one or more claims of the '128 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Teva's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '128 Patent.

409.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

410.    Teva has knowledge of the '128 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '128 Patent, either literally or under the doctrine of equivalents.

411.    Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '128 Patent.

412.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

413.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '128 Patent unless enjoined by the Court.

414.    Amicus does not have any adequate remedy at law.

## COUNT XVII

## (INFRINGEMENT OF THE '940 PATENT)

415.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

416.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '940 Patent.

417.    Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '940 Patent are invalid, unenforceable, and/or will not be infringed.

418.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

419.    Teva has actual knowledge of the '940 Patent, as evidenced by Teva's October 5 Notice Letter.

420.    Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '940 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '940 Patent.

421.    Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '940 Patent.

422.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

423.    If ANDA No. 217586 is approved, Teva will actively induce direct infringement of one or more claims of the '940 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '940 Patent.

424.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

425.    Teva knows, should know, and intends that, when physicians prescribe and patients take Teva's ANDA Product according to the instructions for use in Teva's Label, such physicians and patients will make and use the compositions claimed in the '940 Patent, and therefore such physicians and patients will directly infringe at least one claim of the '940 Patent, either literally or under the doctrine of equivalents.

426.    Teva has knowledge of the '940 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '940 Patent, either literally or under the doctrine of equivalents.

427.    Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the

instructions for use in Teva's Label in a way that directly infringes at least one claim of the '940 Patent.

428.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

429.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '940 Patent unless enjoined by the Court.

430.    Amicus does not have any adequate remedy at law.

## COUNT XVIII

### (DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '940 PATENT)

431.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

432.    This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

433.    A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Amicus and Teva regarding infringement of the '940 Patent such that the Court may entertain Amicus's request for declaratory relief consistent with Article III of the U.S. Constitution.

434.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '940 Patent.

435.    Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '940 Patent are invalid, unenforceable, and/or will not be infringed.

436.     By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

437.     Teva has actual knowledge of the '940 Patent, as evidenced by Teva's October 5 Notice Letter.

438.     Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '940 Patent.

439.     Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

440.     If ANDA No. 217586 is approved, Teva will actively induce direct infringement of one or more claims of the '940 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '940 Patent.

441.     Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

442.     Teva knows, should know, and intends that, when physicians prescribe and patients take Teva's ANDA Product according to the instructions for use in Teva's Label, such physicians and patients will make and use the compositions claimed in the '940 Patent, and therefore such physicians and patients will directly infringe at least one claim of the '940 Patent, either literally or under the doctrine of equivalents.

443.   Teva has knowledge of the '940 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '940 Patent, either literally or under the doctrine of equivalents.

444.   Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '940 Patent.

445.   Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

446.   Teva's conduct including, but not limited to, Teva's filing of ANDA No. 217586 attempting to meet the regulatory requirements for approval of Teva's ANDA Product, demonstrates that Teva has made and will continue to make substantial and meaningful preparations to infringe the '940 Patent and that Teva intends to engage in the commercial manufacture, use, offer for sale, marketing, distribution, and or/importation of Teva's ANDA Product immediately and imminently upon final approval of Teva's ANDA and prior to the expiration of the '940 Patent.

447.   Teva's actions indicate that it does not intend to change its course of action to avoid infringing the '940 Patent.

448.   Amicus is entitled to a judicial declaration that the commercial manufacture, use, offer for sale, sale, and/or importation of Teva's ANDA Product prior to expiration of the '940 Patent will constitute infringement of the '940 Patent under 35 U.S.C. § 271(b).

449.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '940 Patent unless enjoined by the Court.

450.    Amicus does not have any adequate remedy at law.

## COUNT XIX

## (INFRINGEMENT OF THE '764 PATENT)

451.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

452.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '764 Patent.

453.    Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '764 Patent are invalid, unenforceable, and/or will not be infringed.

454.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

455.    Teva has actual knowledge of the '764 Patent, as evidenced by Teva's October 5 Notice Letter.

456.    Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '764 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '764 Patent.

457.    Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '764 Patent.

458.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

459.    If ANDA No. 217586 is approved, Teva will actively induce direct infringement of one or more claims of the '764 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '764 Patent.

460.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

461.    Teva knows, should know, and intends that, when physicians prescribe and patients take Teva's ANDA Product according to the instructions for use in Teva's Label, such physicians and patients will make and use the compositions claimed in the '764 Patent, and therefore such physicians and patients will directly infringe at least one claim of the '764 Patent, either literally or under the doctrine of equivalents.

462.    Teva has knowledge of the '764 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '764 Patent, either literally or under the doctrine of equivalents.

463.    Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the

64

instructions for use in Teva's Label in a way that directly infringes at least one claim of the '764 Patent.

464.     Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

465.     Amicus will be substantially and irreparably harmed by Teva's infringement of the '764 Patent unless enjoined by the Court.

466.     Amicus does not have any adequate remedy at law.

## COUNT XX

## (DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '764 PATENT)

467.     Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

468.     This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

469.     A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Amicus and Teva regarding infringement of the '764 Patent such that the Court may entertain Amicus's request for declaratory relief consistent with Article III of the U.S. Constitution.

470.     Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '764 Patent.

471.     Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '764 Patent are invalid, unenforceable, and/or will not be infringed.

472.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

473.    Teva has actual knowledge of the '764 Patent, as evidenced by Teva's October 5 Notice Letter.

474.    Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '764 Patent.

475.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

476.    If ANDA No. 217586 is approved, Teva will actively induce direct infringement of one or more claims of the '764 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '764 Patent.

477.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

478.    Teva knows, should know, and intends that, when physicians prescribe and patients take Teva's ANDA Product according to the instructions for use in Teva's Label, such physicians and patients will make and use the compositions claimed in the '764 Patent, and therefore such physicians and patients will directly infringe at least one claim of the '764 Patent, either literally or under the doctrine of equivalents.

479.     Teva has knowledge of the '764 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '764 Patent, either literally or under the doctrine of equivalents.

480.     Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '764 Patent.

481.     Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

482.     Teva's conduct including, but not limited to, Teva's filing of ANDA No. 217586 attempting to meet the regulatory requirements for approval of Teva's ANDA Product, demonstrates that Teva has made and will continue to make substantial and meaningful preparations to infringe the '764 Patent and that Teva intends to engage in the commercial manufacture, use, offer for sale, marketing, distribution, and or/importation of Teva's ANDA Product immediately and imminently upon final approval of Teva's ANDA and prior to the expiration of the '764 Patent.

483.     Teva's actions indicate that it does not intend to change its course of action to avoid infringing the '764 Patent.

484.     Amicus is entitled to a judicial declaration that the commercial manufacture, use, offer for sale, sale, and/or importation of Teva's ANDA Product prior to expiration of the '764 Patent will constitute infringement of the '764 Patent under 35 U.S.C. § 271(b).

485.     Amicus will be substantially and irreparably harmed by Teva's infringement of the '764 Patent unless enjoined by the Court.

486.     Amicus does not have any adequate remedy at law.

## COUNT XXI

## (INFRINGEMENT OF THE '765 PATENT)

487.     Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

488.     Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '765 Patent.

489.     Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '765 Patent are invalid, unenforceable, and/or will not be infringed.

490.     By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

491.     Teva has actual knowledge of the '765 Patent, as evidenced by Teva's October 5 Notice Letter.

492.     Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '765 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '765 Patent.

493.     Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '765 Patent.

494.     Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

495.     If ANDA No. 217586 is approved, Teva will actively induce direct infringement of one or more claims of the '765 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '765 Patent.

496.     Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

497.     Teva knows, should know, and intends that, when physicians prescribe and patients take Teva's ANDA Product according to the instructions for use in Teva's Label, such physicians and patients will make and use the compositions claimed in the '765 Patent, and therefore such physicians and patients will directly infringe at least one claim of the '765 Patent, either literally or under the doctrine of equivalents.

498.     Teva has knowledge of the '765 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '765 Patent, either literally or under the doctrine of equivalents.

499.     Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the

instructions for use in Teva's Label in a way that directly infringes at least one claim of the '765 Patent.

500.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

501.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '765 Patent unless enjoined by the Court.

502.    Amicus does not have any adequate remedy at law.

## COUNT XXII

### (DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '765 PATENT)

503.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

504.    This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

505.    A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Amicus and Teva regarding infringement of the '765 Patent such that the Court may entertain Amicus's request for declaratory relief consistent with Article III of the U.S. Constitution.

506.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '765 Patent.

507.    Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '765 Patent are invalid, unenforceable, and/or will not be infringed.

508.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

509.    Teva has actual knowledge of the '765 Patent, as evidenced by Teva's October 5 Notice Letter.

510.    Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '765 Patent.

511.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

512.    If ANDA No. 217586 is approved, Teva will actively induce direct infringement of one or more claims of the '765 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '765 Patent.

513.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

514.    Teva knows, should know, and intends that, when physicians prescribe and patients take Teva's ANDA Product according to the instructions for use in Teva's Label, such physicians and patients will make and use the compositions claimed in the '765 Patent, and therefore such physicians and patients will directly infringe at least one claim of the '765 Patent, either literally or under the doctrine of equivalents.

515.    Teva has knowledge of the '765 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '765 Patent, either literally or under the doctrine of equivalents.

516.    Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '765 Patent.

517.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

518.    Teva's conduct including, but not limited to, Teva's filing of ANDA No. 217586 attempting to meet the regulatory requirements for approval of Teva's ANDA Product, demonstrates that Teva has made and will continue to make substantial and meaningful preparations to infringe the '765 Patent and that Teva intends to engage in the commercial manufacture, use, offer for sale, marketing, distribution, and or/importation of Teva's ANDA Product immediately and imminently upon final approval of Teva's ANDA and prior to the expiration of the '765 Patent.

519.    Teva's actions indicate that it does not intend to change its course of action to avoid infringing the '765 Patent.

520.    Amicus is entitled to a judicial declaration that the commercial manufacture, use, offer for sale, sale, and/or importation of Teva's ANDA Product prior to expiration of the '765 Patent will constitute infringement of the '765 Patent under 35 U.S.C. § 271(b).

521.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '765 Patent unless enjoined by the Court.

522.    Amicus does not have any adequate remedy at law.

## COUNT XXIII

## (INFRINGEMENT OF THE '244 PATENT)

523.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

524.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '244 Patent.

525.    Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '244 Patent are invalid, unenforceable, and/or will not be infringed.

526.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

527.    Teva has actual knowledge of the '244 Patent, as evidenced by Teva's October 5 Notice Letter.

528.    Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '244 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '244 Patent.

529.    Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '244 Patent.

530.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

531.    If ANDA No. 217586 is approved, Teva will actively induce direct infringement of one or more claims of the '244 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '244 Patent.

532.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

533.    Teva knows, should know, and intends that, when physicians prescribe and patients take Teva's ANDA Product according to the instructions for use in Teva's Label, such physicians and patients will make and use the compositions claimed in the '244 Patent, and therefore such physicians and patients will directly infringe at least one claim of the '244 Patent, either literally or under the doctrine of equivalents.

534.    Teva has knowledge of the '244 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '244 Patent, either literally or under the doctrine of equivalents.

535.    Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the

instructions for use in Teva's Label in a way that directly infringes at least one claim of the '244 Patent.

536.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

537.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '244 Patent unless enjoined by the Court.

538.    Amicus does not have any adequate remedy at law.

<u>**COUNT XXIV**</u>

<u>**(DECLARATORY JUDGMENT OF**
**INFRINGEMENT OF THE '244 PATENT)**</u>

539.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

540.    This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

541.    A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Amicus and Teva regarding infringement of the '244 Patent such that the Court may entertain Amicus's request for declaratory relief consistent with Article III of the U.S. Constitution.

542.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '244 Patent.

543.    Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '244 Patent are invalid, unenforceable, and/or will not be infringed.

544.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

545.    Teva has actual knowledge of the '244 Patent, as evidenced by Teva's October 5 Notice Letter.

546.    Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '244 Patent.

547.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

548.    If ANDA No. 217586 is approved, Teva will actively induce direct infringement of one or more claims of the '244 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '244 Patent.

549.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

550.    Teva knows, should know, and intends that, when physicians prescribe and patients take Teva's ANDA Product according to the instructions for use in Teva's Label, such physicians and patients will make and use the compositions claimed in the '244 Patent, and therefore such physicians and patients will directly infringe at least one claim of the '244 Patent, either literally or under the doctrine of equivalents.

551.    Teva has knowledge of the '244 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '244 Patent, either literally or under the doctrine of equivalents.

552.    Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '244 Patent.

553.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

554.    Teva's conduct including, but not limited to, Teva's filing of ANDA No. 217586 attempting to meet the regulatory requirements for approval of Teva's ANDA Product, demonstrates that Teva has made and will continue to make substantial and meaningful preparations to infringe the '244 Patent and that Teva intends to engage in the commercial manufacture, use, offer for sale, marketing, distribution, and or/importation of Teva's ANDA Product immediately and imminently upon final approval of Teva's ANDA and prior to the expiration of the '244 Patent.

555.    Teva's actions indicate that it does not intend to change its course of action to avoid infringing the '244 Patent.

556.    Amicus is entitled to a judicial declaration that the commercial manufacture, use, offer for sale, sale, and/or importation of Teva's ANDA Product prior to expiration of the '244 Patent will constitute infringement of the '244 Patent under 35 U.S.C. § 271(b).

557.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '244 Patent unless enjoined by the Court.

558.    Amicus does not have any adequate remedy at law.

## COUNT XXV

## (INFRINGEMENT OF THE '396 PATENT)

559.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

560.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '396 Patent.

561.    Teva's October 26 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '396 Patent are invalid, unenforceable, and/or will not be infringed.

562.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

563.    Teva has actual knowledge of the '396 Patent, as evidenced by Teva's October 26 Notice Letter.

564.    Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '396 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '396 Patent.

565.   Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '396 Patent.

566.   Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

567.   If ANDA No. 217586 is approved, Teva will actively induce direct infringement of one or more claims of the '396 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '396 Patent.

568.   Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

569.   Teva knows, should know, and intends that, when physicians prescribe and patients take Teva's ANDA Product according to the instructions for use in Teva's Label, such physicians and patients will make and use the compositions claimed in the '396 Patent, and therefore such physicians and patients will directly infringe at least one claim of the '396 Patent, either literally or under the doctrine of equivalents.

570.   Teva has knowledge of the '396 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '396 Patent, either literally or under the doctrine of equivalents.

571.   Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the

instructions for use in Teva's Label in a way that directly infringes at least one claim of the '396 Patent.

572.    Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

573.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '396 Patent unless enjoined by the Court.

574.    Amicus does not have any adequate remedy at law.

**COUNT XXVI**

**(DECLARATORY JUDGMENT OF
INFRINGEMENT OF THE '396 PATENT)**

575.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

576.    This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

577.    A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Amicus and Teva regarding infringement of the '396 Patent such that the Court may entertain Amicus's request for declaratory relief consistent with Article III of the U.S. Constitution.

578.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '396 Patent.

579.    Teva's October 26 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '396 Patent are invalid, unenforceable, and/or will not be infringed.

580.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

581.    Teva has actual knowledge of the '396 Patent, as evidenced by Teva's October 26 Notice Letter.

582.    Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '396 Patent.

583.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

584.    If ANDA No. 217586 is approved, Teva will actively induce direct infringement of one or more claims of the '396 Patent under § 271(b), either literally or under the doctrine of equivalents, unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '396 Patent.

585.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

586.    Teva knows, should know, and intends that, when physicians prescribe and patients take Teva's ANDA Product according to the instructions for use in Teva's Label, such physicians and patients will make and use the compositions claimed in the '396 Patent, and therefore such physicians and patients will directly infringe at least one claim of the '396 Patent, either literally or under the doctrine of equivalents.

587.     Teva has knowledge of the '396 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '396 Patent, either literally or under the doctrine of equivalents.

588.     Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '396 Patent.

589.     Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

590.     Teva's conduct including, but not limited to, Teva's filing of ANDA No. 217586 attempting to meet the regulatory requirements for approval of Teva's ANDA Product, demonstrates that Teva has made and will continue to make substantial and meaningful preparations to infringe the '396 Patent and that Teva intends to engage in the commercial manufacture, use, offer for sale, marketing, distribution, and or/importation of Teva's ANDA Product immediately and imminently upon final approval of Teva's ANDA and prior to the expiration of the '396 Patent.

591.     Teva's actions indicate that it does not intend to change its course of action to avoid infringing the '396 Patent.

592.     Amicus is entitled to a judicial declaration that the commercial manufacture, use, offer for sale, sale, and/or importation of Teva's ANDA Product prior to expiration of the '396 Patent will constitute infringement of the '396 Patent under 35 U.S.C. § 271(b).

593.    Amicus will be substantially and irreparably harmed by Teva's infringement of the '396 Patent unless enjoined by the Court.

594.    Amicus does not have any adequate remedy at law.

## COUNT XXVII

## (INFRINGEMENT OF THE '657 PATENT)

595.    Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

596.    Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '657 Patent.

597.    Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '657 Patent are invalid, unenforceable, and/or will not be infringed.

598.    By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

599.    Teva has actual knowledge of the '657 Patent, as evidenced by Teva's October 5 Notice Letter.

600.    Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '657 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '657 Patent.

601.    Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '657 Patent.

602.    Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

603.    If ANDA No. 217586 is approved, Teva will infringe one or more claims of the '657 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Teva's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '657 Patent.

604.    Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

605.    Teva has knowledge of the '657 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '657 Patent, either literally or under the doctrine of equivalents.

606.    Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the instructions for use in Teva's Label in a way that directly infringes at least one claim of the '657 Patent.

607.   Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

608.   Amicus will be substantially and irreparably harmed by Teva's infringement of the '657 Patent unless enjoined by the Court.

609.   Amicus does not have any adequate remedy at law.

## COUNT XXVIII

## (INFRINGEMENT OF THE '784 PATENT)

610.   Amicus re-alleges and incorporates by reference each preceding paragraph as though fully re-stated herein.

611.   Teva filed ANDA No. 217586 indicating its intention and seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '784 Patent.

612.   Teva's October 5 Notice Letter states that Teva filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7), a certification alleging that the claims of the '784 Patent are invalid, unenforceable, and/or will not be infringed.

613.   By filing ANDA No. 217586, Teva has represented to the FDA that, upon approval, Teva's ANDA Product will have the same active ingredient, method of administration, dosage form, and dosage amount as GALAFOLD Capsules, and will be pharmaceutically and therapeutically equivalent to GALAFOLD Capsules.

614.   Teva has actual knowledge of the '784 Patent, as evidenced by Teva's October 5 Notice Letter.

615.   Under 35 U.S.C. § 271(e)(2)(A), Teva has infringed at least one claim of the '784 Patent by submitting, or causing to be submitted, to the FDA Teva's ANDA No. 217586 seeking

approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration date of the '784 Patent.

616.   Subject to receiving final approval of ANDA No. 217586, Teva intends to and will commercially manufacture, use, offer for sale, sell, and/or import Teva's ANDA Product within or into the United States before the expiration of the '784 Patent.

617.   Upon information and belief, Teva has represented to the FDA that Teva's ANDA Product will be bioequivalent to GALAFOLD Capsules and will contain 123 mg free base migalastat.

618.   If ANDA No. 217586 is approved, Teva will infringe one or more claims of the '784 Patent under § 271(a), either literally or under the doctrine of equivalents by commercially making, using, offering for sale, selling, and/or importing Teva's ANDA Product within or into the United States and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 217586 shall be no earlier than the expiration of the '784 Patent.

619.   Teva knows, should know, and intends that physicians will prescribe and patients will take Teva's ANDA Product according to the instructions for use in Teva's Label.

620.   Teva has knowledge of the '784 Patent and, by virtue of Teva's Label for Teva's ANDA Product, knows or should know that it will induce direct infringement of at least one claim of the '784 Patent, either literally or under the doctrine of equivalents.

621.   Teva is aware, has knowledge of, and/or specifically intends that Teva's Label will encourage, recommend, promote, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Teva's ANDA Product according to the

instructions for use in Teva's Label in a way that directly infringes at least one claim of the '784 Patent.

622.     Teva's actions relating to Teva's ANDA No. 217586 complained of herein were done by and for the benefit of Teva.

623.     Amicus will be substantially and irreparably harmed by Teva's infringement of the '784 Patent unless enjoined by the Court.

624.     Amicus does not have any adequate remedy at law.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.     The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '279 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '279 Patent;

B.     The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '279 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '279 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

C.     The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '727 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '727 Patent;

D.      The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '727 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '727 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

E.      The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '889 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '889 Patent;

F.      The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '889 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '889 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

G.      The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '890 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '890 Patent;

H.      The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '890 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '890 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

I.      The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '655 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '655 Patent;

J.      The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '655 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '655 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

K.      The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '536 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '536 Patent;

L.      The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '536 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '536 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

M.      The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '537 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '537 Patent;

N.      The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '537 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '537 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

O.      The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '538 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '538 Patent;

P.      The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '538 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '538 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

Q.      The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '539 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '539 Patent;

R.      The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '539 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '539 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

S.     The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '540 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '540 Patent;

T.     The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '540 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '540 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

U.     The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '761 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '761 Patent;

V.     The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '761 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '761 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

W.     The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '762 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '762 Patent;

X.     The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '762 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '762 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

Y.     The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '763 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '763 Patent;

Z.     The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '763 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '763 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

AA.    The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '436 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '436 Patent;

BB.    The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '436 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '436 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

CC.     The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '437 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '437 Patent;

DD.     The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '437 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '437 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

EE.     The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '128 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '128 Patent;

FF.     The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '128 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '128 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

GG.     The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '940 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '940 Patent;

HH.   The entry of judgment under 35 U.S.C. § 271(b) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '940 Patent will actively induce infringement of at least one claim of the '940 Patent under 35 U.S.C. § 271(b);

II.   A judicial declaration that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '940 Patent will actively induce infringement of at least one claim of the '940 Patent under 35 U.S.C. § 271(b);

JJ.   The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '764 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '764 Patent;

KK.   The entry of judgment under 35 U.S.C. § 271(b) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '764 Patent will actively induce infringement of at least one claim of the '764 Patent under 35 U.S.C. § 271(b);

LL.   A judicial declaration that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '764 Patent will actively induce infringement of at least one claim of the '764 Patent under 35 U.S.C. § 271(b);

MM.   The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '765 Patent through Teva's submission of ANDA No. 217586 to the FDA

seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '765 Patent;

NN.    The entry of judgment under 35 U.S.C. § 271(b) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '765 Patent will actively induce infringement of at least one claim of the '765 Patent under 35 U.S.C. § 271(b);

OO.    A judicial declaration that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '765 Patent will actively induce infringement of at least one claim of the '765 Patent under 35 U.S.C. § 271(b);

PP.    The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '244 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '244 Patent;

QQ.    The entry of judgment under 35 U.S.C. § 271(b) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '244 Patent will actively induce infringement of at least one claim of the '244 Patent under 35 U.S.C. § 271(b);

RR.    A judicial declaration that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '244 Patent will actively induce infringement of at least one claim of the '244 Patent under 35 U.S.C. § 271(b);

SS.     The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '396 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '396 Patent;

TT.     The entry of judgment under 35 U.S.C. § 271(b) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '396 Patent will actively induce infringement of at least one claim of the '396 Patent under 35 U.S.C. § 271(b);

UU.     A judicial declaration that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '396 Patent will actively induce infringement of at least one claim of the '396 Patent under 35 U.S.C. § 271(b);

VV.     The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '657 Patent through Teva's submission of ANDA No. 217586 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '657 Patent;

WW.     The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '657 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '657 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

XX.     The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Teva has infringed at least one claim of the '784 Patent through Teva's submission of ANDA No. 217586 to the FDA

seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States Teva's ANDA Product before the expiration of the '784 Patent;

YY.    The entry of judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Teva's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product before the expiration of the '784 Patent will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '784 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

ZZ.    The issuance of an order providing that the effective date of any FDA approval of Teva's ANDA Product shall be no earlier than the expiration date of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Amicus and/or the Patents-in-Suit become entitled, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

AAA.   The entry of a permanent and/or preliminary injunction enjoining Teva and all persons acting in concert with Teva from engaging in the commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of Teva's ANDA Product, until the expiration of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Amicus and/or the Patents-in-Suit are or become entitled, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

BBB.   The entry of a permanent and/or preliminary injunction enjoining Teva and all persons acting in concert with Teva from seeking, obtaining, or maintaining approval of the ANDA until the expiration of the Patents-in-Suit, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

CCC.   Damages, including under 35 U.S.C. §§ 271(e)(4)(C) and/or 285, or other monetary relief awarded to Amicus if Teva engages in the commercial manufacture, use, offer for sale, sale,

and/or importation within or into the United States of Teva's ANDA Product prior to the expiration of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Amicus is or becomes entitled;

DDD.   A declaration that this is an exceptional case and an award to Amicus of its costs, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4);

EEE.   An award to Amicus of any further appropriate relief under 35 U.S.C. § 271(e)(4); and

FFF.   An award to Amicus of any further and additional relief that this Court deems just and proper.

Dated:  November 7, 2022

**BARNES & THORNBURG LLP**

*/s/  Chad S.C. Stover*
Chad S.C. Stover (No. 4919)
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801
Tel. (302) 300-3474
Email: Chad.Stover@btlaw.com

John W. Cox, Ph.D.**
Christina M. Baugh**
Joshua M. Kalb**
Lauren Baker**
Anna Whitacre**
3340 Peachtree Road N.E., Suite 2900
Atlanta, GA 30326
Tel. (404) 264-4092
Email: John.Cox@btlaw.com
Email: Christina.Baugh@btlaw.com
Email: Josh.Kalb@btlaw.com
Email: Lauren.Baker@btlaw.com
Email: Anna.Whitacre@btlaw.com

Mark C. Nelson**
2121 N. Pearl Street, Suite 700
Dallas, TX 75201
Tel. (214) 258-4140
Email: Mark.Nelson@btlaw.com

Heather B. Repicky**
One Marina Park Drive, Suite 1530
Boston, MA 02210
Tel. (617) 316-5317
Email: Heather.Repicky@btlaw.com

Josh E. Ney, Ph.D.**
1717 Pennsylvania Avenue N.W., Suite 500
Washington, D.C. 20006-4623
Tel. (734) 489-8004
Email: Josh.Ney@btlaw.com

** *Pro Hac Vice* application forthcoming

*Attorneys for Plaintiffs*